IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SANDRA DENISE DIGGS, | ) |
| Plaintiff, | ) |
| v. | ) CV 109-111 |
| ERIC K. SHINSEKI, Secretary, Department of Veterans Affairs, | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned employment discrimination case *pro se* and is proceeding *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

### I. BACKGROUND

In her complaint, Plaintiff states that she was previously employed as a Patient Service Assistant with Health Administration Services in the Department of Veterans Affairs ("VA") in Augusta, Georgia. (Doc. no. 1, p. 5). According to Plaintiff, she experienced a myriad of health and family problems between March and June 2006. (Id.). Plaintiff alleges

that her supervisor, Maribeth Bredhoft-Viedt, impermissibly denied her requests for leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*, even though Plaintiff submitted "substantial medical documentation[]" for each one of her health and family problems that required her to take time off from her job. (Id.). According to Plaintiff, while she was undergoing medical care, she also received a letter from Ms. Bredhoft-Viedt threatening disciplinary action "up to and including removal." (Id.). Plaintiff states that she was eventually "forced" to resign from her position as a Patient Service Assistant in June 2006 as a result of her supervisor's actions. (Id.).

In an attempt to assert a retaliation claim under the FMLA,[1] Plaintiff goes on to allege that when she was notified after her resignation that she had not worked the requisite number of hours necessary to secure her retirement pension, she applied for a position as an Accounting Technician with the VA in December 2006. (Id.). According to Plaintiff, she was notified in January 2007 by a woman named Pamela Leech that she had been selected for the position. (Id.). Plaintiff maintains that from January 2007 to February 2007, she completed the requirements she was told were necessary before starting her job, including having her fingerprints taken and completing an on-line questionnaire. (Id.). Thereafter, Plaintiff states that she began calling Ms. Leech on a weekly basis to inquire about her start date. (Id.). When Plaintiff received no definitive response, she went to see Ms. Leech in person, who told Plaintiff that she needed to speak to Acting Chief Linda Daily regarding the

---

[1] In order to state a claim for retaliation under the FMLA, a plaintiff must allege that "(1) [she] engaged in a statutorily protected activity; (2) [she] suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." Walker v. Elmore County Bd. of Educ., 379 F.3d 1249, 1252 (11th Cir. 2004) (internal quotation marks and citation omitted).

status of her job. (Id. at 6). Plaintiff states that Ms. Daily later informed her that her "appointment" to the Accounting Technician position was being revoked because Ms. Bredhoft-Viedt, Plaintiff's former supervisor, had given "negative derogatory references" about Plaintiff. (Id.). According to Plaintiff, Ms. Daily informed her that she likely would not be hired for "any position that [Plaintiff] may apply for in the system" either. (Id.).

As relief, Plaintiff requests two years' worth of lost wages, attorney's fees, and punitive damages. (Id. at 4, 6). In the alternative, she requests that she be "re-instate[d]" as an Accounting Technician. (Id.).

## II. DISCUSSION

Liberally construing Plaintiff's allegations and giving her the benefit of all reasonable inferences from those allegations, she has failed to state a claim under the FMLA. Title I of the FMLA grants various rights to employees of private employers[2] and allows such employees to maintain a private right of action against their employers for alleged violations of the FMLA. See 29 U.S.C. § 2617. However, Plaintiff has admitted that she was formerly a federal employee, having worked for the VA for several years, and federal employees are not covered by Title I of the FMLA. Id. § 2611(2)(B). Rather, Plaintiff's rights under the FMLA are governed by Title II. See 5 U.S.C. § 6381 *et seq*. While Title II of the FMLA provides the same substantive rights for federal employees as Title I, the enforcement provisions of Title II do not allow federal employees to maintain a private right of action

---

[2]Specifically, the FMLA provides that eligible employees may take up to twelve weeks of leave per year for medical treatment, pregnancy, or the care of a family member, upon proper certification by the health care provider. See 29 U.S.C. § 2612, 5 U.S.C. § 6382.

3

against their employer. See Keen v. Brown, 958 F. Supp. 70, 72 (D. Conn. 1997) (noting the absence of a private right of action in Title II of the FMLA); Mann v. Haigh, 891 F. Supp. 256, 261 (E.D.N.C. 1995) (same).

The absence of a private right of action from the FMLA indicates that the federal government has not waived its sovereign immunity with respect to FMLA claims. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Fed. Deposit Ins. Co. v. Meyer, 510 U.S. 471, 476 (1994). Furthermore, "any waiver of the national government's sovereign immunity must be unequivocal." United States Dep't of Energy v. Ohio, 503 U.S. 607, 613 (1992). The Eleventh Circuit has recognized, albeit in an unpublished opinion, that

> the absence of an express authorization [of a private right of action] precludes [a plaintiff's] FMLA claim for retaliation because the United States Supreme Court has held that the sovereign immunity of the United States may only be waived through an "unequivocal" expression of Congressional intent to do so.

Cavicchi v. Sec'y of Treasury, No. 04-10451, 2004 WL 4917357, at *6 (11th Cir. Oct. 15, 2004) (*per curiam*); see also Russell v. United States Dep't of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999) ("[T]he absence of an express waiver of the government's sovereign immunity in Title II of the FMLA bars private suits for violations of its provisions."); Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997) ("No unequivocal waiver of immunity exists in Title II, and consequently, the omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims . . . .").

Despite the absence of a private right of action and the existence of sovereign immunity, federal employees may still challenge agency actions they contend violate the FMLA through administrative grievance procedures. See 581 Fed. Reg. 39,602 ("If an employee believes an agency has not fully complied with the rights and requirements provided under [Title II of the FMLA], . . . the employee may file a grievance under an agency's administrative grievance procedures or negotiated grievance procedures."); H.R. Rep. No. 103-8(II), at 24 (1993) ("[T]he provisions of Title II affecting Federal employees can be adequately enforced using existence grievance procedures . . . ."). Indeed, the exclusive remedy federal employees challenging agency actions, including those involving constitutional claims, is through the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1101 *et seq*. See United States v. Fausto, 484 U.S. 439, 445-48 (1998); Bush v. Lucas, 462 U.S. 367, 368 (1983); see also Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1575-76 (11th Cir. 1990) (recognizing the holding in Fausto). Under the CSRA, federal employees may "challenge adverse employment actions by agencies through administrative grievance procedures, followed by an appeal to the Merit Systems Protection Board or a grievance arbitration, with judicial review in the Federal Circuit." Keen, 958 F. Supp. at 75 (citing 5 U.S.C. § 1101 *et seq*).

In sum, federal employees such as Plaintiff are covered by Title II of the FMLA, which does not provide for a private right of action, thereby indicating that the federal government has not waived its sovereign immunity with respect to any FMLA claims. Rather, Plaintiff's sole and exclusive remedy for challenging any adverse employment action is to follow the administrative grievance process outlined in the CSRA. While Plaintiff may

5

eventually choose to seek judicial review after she has exhausted her remedies under the CSRA,[3] any such review will be performed by the Federal Circuit, not this Court. Thus, this Court is without jurisdiction to consider her complaint.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for lack of jurisdiction and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of October, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] While the documents Plaintiff attaches to her complaint indicate that she did seek administrative review with the Equal Employment Opportunity Commission (see doc. no. 1, pp. 7-18), it does not appear that Plaintiff has followed the procedures outlined by the CSRA.